LYNCH *v*. JACKSON COUNTY.

(*Nashville*.  December Term, 1914.)

**SHERIFFS  AND  CONSTABLES.  Fees.  Statutory  provisions. Commitment.**

A commitment for which a sheriff is entitled to the fee prescribed by Shannon's Code, sec. 6402 (9), is one granted by him, and not issued by a court or magistrate, though the word "commitment" means a process directed to a ministerial officer by which a person is to be confined in prison, usually issued by a court or magistrate (citing Words and Phrases, First and Second Series, Commitment).

Codes cited and construed:   Secs. 6352, 6402 (S.).

Acts cited and construed:  Acts 1809, ch. 6.

---

FROM JACKSON.

---

Appeal from the Circuit Court of Jackson County to the Court of Civil Appeals and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—C. E. SNODGRASS, Judge.

M. G. BUTLER, for plaintiff.

JNO. J. GORE, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Lynch, an ex-sheriff, brought this suit against the county of Jackson to recover the sum of $73 as costs

claimed to have been earned by him. His claim is that for each prisoner committed to jail and released by him while in office he is entitled to recover; and this claim is based upon the provision of Code (Shannon), section 6402 (9), which prescribes as "fee for sheriff, for commitment and release, fifty cents."

The circuit judge allowed the claim, but the court of civil appeals reversed the judgment, and the writ of *certiorari* has been granted for a review by this court.

We approve the ruling of the court of civil appeals.

By the word "commitment" is meant the process directed to a ministerial officer by which a person is to be confined in prison, usually issued by the order of a court or magistrate. 2 Words and Phrases, 1308; 1 Words and Phrases (Section Series), 796.

It appears, however, that in the early history of this State the power to commit was, in instances, granted by statute to sheriffs. Thus, by Acts 1809, ch. 6 (Caruthers & Nicholson's Statutes, pages 119, 120), in cases therein stated, the sheriff was "authorized and required to commit said person to the jail of the county, and make out a warrant of commitment, . . . under his hand, which shall be a sufficient warrant to retain such person," etc.

Under our existing statutes the power to commit and to order releases of persons is with justices of the peace and courts, and it is under such commitments that Ex-Sheriff Lynch in fact is asking for allowance in this case; that is to say, for conducting persons to

prison under process so issued. The commitment in each instance was by an authority other than the sheriff. Only for a commitment in the sense above shown would the sheriff be entitled to the fee prescribed by statute.

No officer in this State is entitled to fees from the State or county in criminal cases other than such as are expressly provided by law. Code (Shannon) section 6352.

The court of civil appeals properly reversed the judgment of the circuit court. Affirmed.